```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

CONNIE D. CLARK,

    Plaintiff,

v.                                  No. 17-2406-JPM-dkv

YOICHI YOKIZAWA,
MITSUBISHI MOTORS,
AL GOSSETT, and
GOSSETT MOTOR CARS,

    Defendants.

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On June 13, 2017, the plaintiff, Connie D. Clark ("Clark"), filed a *pro se* complaint against Yoichi Yokizawa, the CEO of Mitsubishi Motors; Mitsubishi Motors; Al Gossett, the CEO of Gossett Motor Cars;[1] and Gossett Motor Cars (collectively "the Defendants"). (Compl., ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

---

[1] Clark names "Mr. Gossett" as a defendant. The court construes this person to be Al Gossett, the CEO of Gossett Motor Cars.

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) The information set forth in the affidavit in support of the motion for leave to proceed *in forma pauperis* satisfies Clark's burden of demonstrating that she is unable to pay the civil filing fee. *See* 28 U.S.C. §§ 1915(a), 1746. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. For the reasons that follow, the court recommends that Clark's complaint be dismissed for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

Clark filed her complaint on a court-supplied form styled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Compl., ECF No. 1.) Attached to the complaint are several letters sent by Clark to the Defendants. (ECF Nos. 1-1, 1-2, 1-3, 1-4.) Clark presents no facts in the complaint. However, it is ascertainable from the first letter attached to the complaint, dated June 16, 2016, that Clark had a vehicle repaired by Gossett Motor Cars. (ECF No. 1-1.) It appears as though Clark had scheduled a vacation and she believed that her car would not be ready for pick-up until after she intended to leave, so she rented a car. (*Id.*) The second letter attached to the complaint, dated October 18, 2016, suggests that her vehicle was actually ready for pick up sooner than she had expected. (ECF No. 1-2.) Clark asserts, "I would not have cost

2

myself an extra $509.00, when I all I had to do was, wait two days, and my vehicle would be ready, costing me nothing." (ECF No. 1-2.) Thus, it appears as though both Gossett Motor Cars and Mitsubishi Motors denied her request to reimburse her for the cost of the rental car. (*See id.*)

Clark sent two follow-up letters to Mitsubishi Motors on November 15, 2016 and June 5, 2017, first requesting an update on the status of her claim, (ECF No. 1-3), and then informing the company that she would "be filing a case of racial discrimination against [Mitsubishi Motors]," (ECF No. 1-4). In the June 5, 2017 letter to Yoichi Yokizawa, the CEO of Mitsubishi Motors, Clark states, "I also can't think of any other reason for my being treated unfairly, by such a huge company like yours, other than race. I have to believe that Gossett pulled the race card when they made the decision as to how to handle my complaint and your higher up representatives "allowed" them to do so." (ECF No. 1-4.) Thus, it seems as though Clark is alleging that she was discriminated due to her race, though she does not explicitly state that she is African-American or any other protected race.

For relief, Clark does not request monetary damages. Rather, she states, "I want the courts to see that justice is served. I want them to ensure that Mitsubishi Motors is aware that regardless of what they think of a class of people the law

3

states how people [] are to be treated when it comes to race." (Compl. 3, ECF No. 1.)

## II.     PROPOSED CONCLUSIONS OF LAW

A.   <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Clark's complaint states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp.*

4

*v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of

5

Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   Clark's Section 1983 Claim

Although Clark filed her complaint on a court-supplied form styled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983," her complaint does not set forth any claims under §

6

1983. In the "Statement of Claim" section of her complaint, Clark states the following:

> Simply put this all could have been avoided if Gosset [sic] Motors had honored their agreement with Mitsubishi Motors to sell their cars and provide good customer service to all their customers Black as well as White. Please see attached communications.

(Compl. 2, ECF No. 1.)

"To establish a claim under § 1983, a plaintiff must show that he was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'" *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016)(quoting *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997)). In this case, Clark has not alleged that any of the Defendants are state actors or that they were acting under color of state law. Further, she does not allege that she was deprived of a right secured by the Constitution or the laws of the United States.

To the extent she purports to set forth an equal protection claim under the Fourteenth Amendment, such claim fails. To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class' or burdened a fundamental right." *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir.

7

2005)(quoting *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996)). "The basis of any equal protection claim is that the state has treated similarly-situated individuals differently." *Silver v. Franklin Tp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992). Here, Clark does not specifically allege that she is a member of a protected class, though she references race in her letter to Yoichi Yokizawa. (ECF No. 1-4.) Moreover, as discussed above, the Defendants are not state actors. Accordingly, the court recommends dismissal of Clark's § 1983 claim against all Defendants.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Clark's complaint against the Defendants be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted this 20th day of June, 2017.

s/ Diane K. Vescovo<br>
DIANE K. VESCOVO<br>
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.