# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CONNIE D. CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>YOICHI YOKIZAWA, MITSUBISHI MOTORS, AL GOSSETT, and GOSSETT MOTOR CARS,<br><br>    Defendants. | No. 2:17-cv-02406-JPM-tmp |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION; ORDER DISMISSING CASE WITH PREJUDICE

Before the Court is the Magistrate Judge's Report and Recommendation, filed June 20, 2017. (ECF No. 6.) In the Report and Recommendation, the Magistrate Judge recommends "that Clark's complaint be dismissed for failure to state a claim." (Id. at PageID 24.)

For the reasons stated below, the Court ADOPTS the Report and Recommendation and DISMISSES WITH PREJUDICE Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

This action involves claimed violations of civil rights under 42 U.S.C. § 1983. (See ECF No. 1 at PageID 1.) In a Complaint filed on June 13, 2017, Connie D. Clark ("Plaintiff"), who is proceeding *pro se*, asserts that Defendants discriminated against her based on race. (See ECF No. 1 at PageID 2.) Plaintiff's Complaint states that she seeks Defendants "to sell their cars and provide good customer service to all their customers, Black as well as White." (Compl. ¶ 4, ECF No. 1.) Plaintiff attaches four letters she sent to Defendants, dating from June 16, 2016, to June 5, 2017. (ECF Nos. 1-1, 1-2, 1-3, 1-4.)

On June 13, 2017, Plaintiff moved to proceed *in forma pauperis* (ECF No. 2). The Magistrate Judge filed a Report and Recommendation on June 20, 2017, recommending the case be dismissed *sua sponte* for failure to state a claim. (Id.) Plaintiff timely filed her objection to the Report and Recommendation (ECF No. 8.) See Fed. R. Civ. P. 72(b)(2). Defendant has not filed a response to Plaintiff's objection.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III. ANALYSIS

In the Report and Recommendation, the Magistrate Judge found that Plaintiff failed to state a claim upon which relief could be granted and her complaint should be dismissed *sua*

*sponte*. (ECF No. 6 at PageID 30.)  The Magistrate Judge found that Plaintiff failed to allege that any of the Defendants are state actors or were acting under the color of state law, which is required under 42 U.S.C. § 1983.  (Id. at PageID 29.)  The Magistrate Judge further found that Plaintiff failed to allege that she was deprived of a right guaranteed by the Constitution or laws of the United States, nor did she properly allege that she is a member of a protected class.  (Id. at PageID 29-30.)

Plaintiff fails to make any specific objections to the Report and Recommendation, and instead files a general objection.  (ECF No. 8.)  In her Objection, Plaintiff merely provides additional facts regarding her claims.  (Id.)  Plaintiff complains that she was forced to pay for a rental car, was not reimbursed properly, and Defendants refused to turn over transcripts of her communications with customer service representatives.  (ECF No. 8.)  Because Plaintiff does not make any specific objections to the proposed findings and recommendations in the Magistrate Judge's report, the Court reviews the Report and Recommendation for clear error.  See Howard, 932 F.2d at 509.

Plaintiff's cause of action arises pursuant to 42 U.S.C. § 1983, which allows for a cause of action where a plaintiff "was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'"  Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429 (6th Cir. 2016) (quoting Strickland on Behalf of Strickland v. Shalala, 123 F.3d 863, 866 (6th Cir. 1997)).  In her Objection, Plaintiff does not allege that any defendant was acting under color of state law, nor has she alleged that she was deprived of a right secured by the Constitution of laws of the United States.  In her Objection, Plaintiff asserts that she is a member of a protected class ("I am a 66 year old Black woman"),

but she fails to address the other deficiencies in her Complaint. (ECF No. 8 at PageID 32.) As such, Plaintiff does not state a claim pursuant to 42 U.S.C. § 1983.

On clear-error review, the Court hereby ADOPTS the Report and Recommendation (ECF No. 6) in its entirety. Accordingly, Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED,** this 8th day of August, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE